GUARDIANSHIP & PROTECTIVE SERVICES, INC., Gdn., Appellee,

v.

CADWALLADER et al.; Cadwallader, Appellant; Bar et al., Appellees.

[Cite as *Guardianship & Protective Servs., Inc. v. Cadwallader*, 182 Ohio App.3d 92, 2009-Ohio-1719.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2008–T–0063.

Decided April 10, 2009.

Friedman & Rummell Co., L.P.A., Christopher J. Schiavone, and Tracie L. Schmidt, for appellee Guardian & Protective Services, Inc.

Calvin Cadwallader, pro se.

Burkey, Burkey & Scher Co., L.P.A., and Robert F. Burkey, for appellees Bar et al.

---

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} Calvin Cadwallader appeals from the judgment entries of the Trumbull County Court of Common Pleas, Probate Division, confirming the sale of real property owned by his late mother, Avis Cadwallader, an incompetent, and overruling his motion to stay property sale or, alternatively, to deny confirmation of sale.[1] We affirm.

{¶ 2} Mrs. Cadwallader had been judged incompetent by the trial court, which appointed Guardian & Protective Services, Inc. ("GAPS"), both guardian of her person and her estate. Mrs. Cadwallader resided at Horizon Village. On or about February 27, 2008, GAPS filed a complaint with the trial court to sell Mrs. Cadwallader's house at 2695 Housel Craft Road, Bristolville, Trumbull County, Ohio.[2] The record indicates the house was in extreme disrepair, probably uninhabitable. That same day, David Cadwallader, one of Mrs. Cadwallader's two children, filed his waiver of summons and notice, and consented to the sale. On April 25, 2008, appellant, Calvin Cadwallader, Mrs. Cadwallader's other child, answered the complaint, requesting that the trial court dismiss it, or, alternatively, reimburse him for certain expenses relating to the upkeep of the property from any sales proceeds.

{¶ 3} On May 5, 2008, notice was given to all interested parties that hearing on the complaint would go forward May 30, 2008. Hearing went forward that date, and the trial court immediately filed its judgment entry approving the private sale of Mrs. Cadwallader's house by GAPS.

---

1. We regretfully note by a judgment entry filed by the trial court on January 29, 2009, terminating the guardianship of her person, that Mrs. Cadwallader died on January 5, 2009.

2. There is also a reference in a brief filed below that the number of the house is 2741 Housel Craft Road.

{¶ 4} On June 24, 2008, GAPS filed its "Report of Plaintiff," informing the trial court that Paul and Michele Bar, and Paul and Shirley Bierce, had offered to buy Mrs. Cadwallader's property for $29,000, its appraised value. From the record, it appears that the Bars and Bierces are neighbors, who are going to demolish the house.

{¶ 5} On June 26, 2008, Mr. Cadwallader filed his motion to stay or deny sale, wherein he asserted that Paul Webb had applied to assume Mrs. Cadwallader's guardianship. Mr. Cadwallader further asserted that he was willing to bid $30,000 for his mother's property.

{¶ 6} On June 30, 2008, the trial court filed its judgment entry confirming the sale of Mrs. Cadwallader's house by GAPS to the Bars and Bierces. That same day, it filed its judgment entry denying the motion to stay, or, alternatively, to deny confirmation of the sale. In this latter judgment entry, the trial court found that Mr. Cadwallader's attorney contacted the court prior to the May 30, 2008 hearing, and informed the court that his client would not object to the sale, but merely desired reimbursement of certain expenses. The trial court further found that Mrs. Cadwallader's guardian testified to the same effect at the hearing. The trial court found that there was no reason to believe that it would replace GAPS as Mrs. Cadwallader's guardian with Mr. Webb. It found that the Bars and Bierces had deposited $29,000 in escrow to purchase the subject property and that Mr. Cadwallader had not submitted any evidence that he could actually obtain financing to purchase the property for $30,000. The trial court concluded that while a guardian must secure the best interest of its ward by maximizing funds brought into the guardianship estate through the sale of property, neither the guardian nor the trial court was required to dismiss a firm offer to purchase, particularly in view of the depressed realty market. Consequently, the trial court denied Mr. Cadwallader's motion.

{¶ 7} On July 11, 2008, Mr. Cadwallader timely noticed appeal, assigning two errors:

{¶ 8} "[1.] The trial court erred in granting a secret motion to confirm sale filed by the guardian without notice or hearing.

{¶ 9} "[2.] The trial court erred in confirming sale to the lowest purchase offer rather than conducting a hearing to allow presentation of the previously conveyed higher purchase offer."

{¶ 10} The confirmation of the sale of real property by a guardian is governed by R.C. 2127.35. Orders of confirmation are final and appealable. *Sky Fin. Group, Inc. v. Mogul* (June 2, 2001), 11th Dist. No. 2000–T–0038, 2001 WL 603593, at *4. We review such orders for abuse of discretion. Id. An abuse of discretion is no mere error of law or judgment. *Blakemore v. Blakemore* (1983),

5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment comporting neither with the record nor with reason. See, e.g., *State v. Ferranto* (1925), 112 Ohio St. 667, 676–678, 148 N.E. 362.

{¶ 11} Under his first assignment of error, Mr. Cadwallader argues that the trial court abused its discretion when it confirmed the sale of his mother's property following GAPS' submission of its "Report of Plaintiff," noting that it had received the $29,000 offer from the Bars and Bierces. Mr. Cadwallader contends that this report had to be served upon him, as a species of pleading or motion, under Civ.R. 5, and it was not. He further argues that the court had to hold a hearing on the report, since he wished to make an offer on the property.

{¶ 12} We respectfully disagree. The trial court had previously held a hearing and ordered the sale of the property. The "report" submitted by GAPS regarding the offer made by the Bars and Bierces is governed by R.C. 2127.35, which provides:

{¶ 13} "An executor, administrator, or guardian shall make return of his proceedings under the order for the sale of real estate granted by the probate court. The court, after careful examination, if satisfied that the sale has in all respects been legally made, shall confirm the sale, and order the executor, administrator, or guardian to make a deed to the purchaser."

{¶ 14} The report submitted by GAPS in this case is merely the "return" required by R.C. 2127.35. It is not a pleading or motion that must be served upon other parties pursuant to Civ.R. 5. It is a submission to the probate court, so that that court may consider whether the previously ordered sale of real property has been properly made. Further, if that court finds the sale is legally correct, it must confirm the sale, pursuant to the mandatory language of the statute. R.C. 2127.35; see also *Sky Fin. Group* at *4. There is no requirement for a hearing.

{¶ 15} The first assignment of error lacks merit.

{¶ 16} Under his second assignment of error, Mr. Cadwallader alleges that the trial court abused its discretion in confirming the sale of his mother's real property to the Bars and Bierces for $29,000, when he had made a bid of $30,000. He cites R.C. 2109.45 for the proposition that when a guardian sells its ward's property in a private sale, the guardian is required to obtain the highest price possible. Cf. *Dombey v. Rindsfoos* (1958), 105 Ohio App. 335, 6 O.O.2d 123, 151 N.E.2d 563, at paragraphs three and four of the syllabus.

{¶ 17} We agree that a guardian must seek the highest possible price for a ward's property when selling it. However, it is clear from a reading of the trial court's judgment entry denying Mr. Cadwallader's motion to stay or deny the confirmation of sale, that the trial court considered that GAPS *had* accepted the highest bid. The trial court relied heavily on the fact that Mr. Cadwallader had not indicated any method of financing his bid. While we sympathize with Mr. Cadwallader's plight, as the house was his mother's and there is some indication in the record that he was living at the house, we cannot overrule this finding of the trial court.

{¶ 18} The second assignment of error lacks merit.

{¶ 19} The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

RICE and CANNON, JJ., concur.